UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN SASHA-SHAI VAN KUSH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-02862 (UNA) |
| ) | |
| 10TH CIRCUIT EXECUTIVE/ ) | |
| ADMINISTRATIVE OFFICE OF ) | |
| THE JUDGES (AO), *et al.*, ) | |
| ) | |
| Respondents. ) | |

FILED
10/15/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# MEMORANDUM OPINION

This matter is before the Court on petitioner's application for leave to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. The Court will grant the *in forma pauperis* application and dismiss the case for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Although the complaint is not clear, the petitioner, a resident of Castle Rock, Colorado, appears to bring this action against the "10th Circuit Executive/Administrative Office of The Judges," "US Courts," and two judges presiding in the United States District Court for the District of Colorado. *See generally* Pet., Dkt. 1. The complaint presents topics ranging from petitioner's family history, *see id*. at 2–3, to his religious beliefs, *see id*. at 2. The remainder of the complaint contains summaries and general grievances arising from the decisions and outcomes of various litigation petitioner has filed in other courts. *See id*. at 3–6. As relief, petitioner demands that the court issue a writ of mandamus compelling the Drug Enforcement Administration ("DEA") to process and produce certain records that he apparently requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See id*. at 7.

As it appears that the petitioner seeks review of the propriety of the judgments issued by the United States District Court for the District of Colorado, or United States Court of Appeals for the Tenth Circuit, this Court lacks such jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332 (scope of jurisdiction for all district courts); *Cobb v. United States*, 104 F. Supp. 3d 61, 65 (D.D.C. 2015); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) ("[A]s a district court is a trial level court in the federal judicial system[,] [i]t generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citations omitted).

To the extent that the petition can be construed as seeking a writ of mandamus against the DEA, it is denied.  A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'"  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.  Petitioner does not address any of these elements, and petitioner does, in fact, have alternative and adequate remedies to mandamus, namely, by filing suit pursuant to FOIA, or if relevant, the Privacy Act, 5 U.S.C. § 552a.  *See Sanchez–Alanis v. Federal Bureau of Prisons*, 270 F. Supp. 3d 215, 217 n.1 (D.D.C. 2017) (holding that FOIA and the Privacy Act provide adequate remedy for petitioner's claims for release of agency records and, therefore, mandamus relief was not available).

For these reasons, the Court will dismiss the mandamus petition without prejudice. An order accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

DATE: October 15, 2020